## THE FIRST NATIONAL BANK OF GARNETT V. THE WESTERN SECURITY COMPANY.

AGREEMENT *to Loan on Mortgage—Action to Recover Amount.* Evidence, findings of fact and conclusions of law examined, and found to authorize the judgment rendered by the trial court.

*Error from Franklin District Court.*

THE facts sufficiently appear in the opinion.

*Kirk & Bowman,* for plaintiff in error.

Opinion by GREEN, C.: Wm. H. Clark, as assignee for Hanway Bros., commenced this action against the Western Security Company, W. C. Bradley, the First National Bank of Garnett, J. S. Hanway, S. B. Hanway, W. H. B. Hanway, partners as Hanway Bros., in the district court of Franklin county,· and asked judgment against the Western Security Company for the sum of $20,000 on account of certain notes and a mortgage which Hanway Bros. had executed to W. C. Bradley, an officer of the security company. It was alleged that Hanway Bros. entered into an agreement with the security company whereby it was agreed that the latter should procure a loan for the former for the said sum of $20,000; that in pursuance of such agreement they executed notes and a mortgage for the amount, but the sum had never been paid. The security company answered that it was employed to procure a loan with eastern parties for Hanway Bros., and to facilitate the negotiations the latter executed the notes and mortgage referred to in the petition; that they represented that the security offered was worth $63,000, when in fact the land offered was worth less than $20,000; that it had advanced sums of money to Hanway Bros. upon the strength of making the loan, but was unable to procure the loan on account of the inadequacy of the security and false representations.

The First National Bank of Garnett answered that Han-

way Bros. were indebted to it in a large sum of money, and, in order to secure the same, assigned to the bank all of their right and claim upon the Western Security Company for the money due on the loan, and for which they had executed their notes. The bank alleged that the Western Security Company, by M. E. Black, a duly-authorized agent, executed and delivered to Hanway Bros. its certain writing or duebill, to wit:

"LANE, KAS., May 11, 1887.

"There is due Hanway Bros., of Lane, ($17,000) seventeen thousand dollars on their loan made of Western Security Company, including the amount to be paid for the purpose of releasing incumbrances now on the land described in said loan, and one dollar and fifty cents ($1.50) for recording mortgages.

M. E. BLACK,

For Western Security Company."

It was further alleged that said duebill was duly assigned to the bank. The bank asked for a judgment against the security company. The court below found in favor of the security company, not only as to the plaintiff, but as between the bank and the company. The bank brings the case here.

The only reasons assigned why the plaintiff in error should have been granted a new trial are, that the Western Security Company had personally examined all of the property of Hanway Bros. upon which the proposed loan was to be made; that the agent of the company executed the duebill referred to; that the mortgage was placed upon record, and that the note and mortgage were sent back east to be negotiated; that afterward the plaintiff in error loaned Hanway Bros. $1,100 at one time, and a larger sum still later. These facts might all be true, and still the conclusion and judgment reached by the trial court would be correct. The court found that the mortgage was placed upon record in the usual course of business, and the security company undertook, through its eastern managers, to place the loan; that it advanced money to Hanway Bros. The firm finally made an assignment, and the company made no further effort to make the loan. The court further found that the security company made all rea-

sonable efforts to find a customer for the loan until the failure, when further efforts were useless.

We have examined the evidence, findings of fact, and conclusions of law, and see no good reason why the judgment of the district court should be disturbed. A judgment of affirmation is advised.

By the Court: It is so ordered.

All the Justices concurring.